FNTFRFD OCT 2 9 2014

STATE OF MAINE

BUSINESS AND CONSUMER COURT

Cumberland, ss.

LEONTINA ANDRADE, individually
and as personal representative of the
Estate of Antonio J. Andrade, Sr.

Plaintiff

v.

Docket No. BCD-CV-14-12
4/2/2014

DAVID M. ANDRADE

Defendant

JOSEPH ANDRADE and
BEVERLY ANDRADE

Third-Party Defendants

## ORDER ON PENDING MOTIONS

Three motions and a request for default are pending. They were discussed at a case management conference March 27, 2014. The court resolves them as follows:

*Defendant's Request for Default*

Defendant Joseph Andrade seeks to have Plaintiff defaulted for failing to file a timely response to Defendant's counterclaim against the Plaintiff. Through counsel, Defendant served Plaintiff with a Motion to Amend in December 2013, attaching a copy of Defendant's proposed Amended Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint. Plaintiff opposed the Motion to Amend, which was eventually granted in an order dated January 20, 2014. The order granting leave to amend did not specify a deadline for Plaintiff to respond to the counterclaim within Defendant's amended pleading.

1

Under M.R. Civ. P. 15(a), "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Defendant claims that attaching his proposed amended pleading to his Motion to Amend constitutes service of the counterclaim for purposes of the Rule 15(a) response deadline. However, under the plain language of the rule, this means that Plaintiff's response would have been due 10 days after the Motion to Amend was filed, before the Motion was even acted on—an absurd interpretation of events. Rule 15(a) clearly contemplates that, when a party moves for leave to amend (as opposed to amending as of right), attaching the proposed amended pleading to the motion to amend does not trigger any response deadline. Instead, logic compels the conclusion that the deadline to respond to a proposed amended pleading is triggered only after the court agrees to accept the amended pleading by granting leave to amend.

Still, there remains the question of whether the court's order granting leave to amend starts the Rule 15(a) 10-day clock automatically, or whether the party that has been granted leave to amend must serve the amended pleading after being granted leave to amend in order to start the clock. Maine courts appear not to have grappled with this issue.

Read literally, the wording of Rule 15(a)—"10 days after service of the amended pleading"— supports the latter view. However, there is federal authority for the view that, when the proposed amended pleading is served with the motion to amend, the 10-day clock starts to run when the court grants the motion. See Williams v. Clinch County, Georgia, 231 F.R.D. 700, 701-02 (M.D. Ga.). This reading effectively rewrites the operative trigger for the 10-day response period, and creates a trap for those who interpret the rule on its face.

A party seeking leave to amend can avoid having to re-serve the amended pleading by (1) attaching the proposed amended pleading to the motion to amend, and (2) submitting a proposed order that fixes a deadline for the responsive pleading.

In any event, because the January 20 order granting leave to amend did not fix a deadline for responding, the deadline for response had to be triggered by the Defendant serving the amended pleading after being granted leave to amend. Thus, Plaintiff is not late and cannot be defaulted. Moreover, Plaintiff is actively involved and there is no indication of dilatory conduct on her or her counsel's part, so the purposes of the default process would not be served. See. J.R. Belair & Co. v. Maine Turf & Greenery, Inc., 2006 WL 1669439 (Me. Super. Ct., Cum. Cty.) (Warren, J.). Communication between counsel would have resolved the situation efficiently.

Defendant's request for default is denied.

## Defendant's Motion to Disqualify

Defendant's Motion to Disqualify seeks to disqualify attorney Russell as counsel for the Plaintiff on the ground that attorney Russell is a necessary witness to events in November 2013 upon which the Defendant's counterclaim and third-party complaint are based, at least in part.

M.R. Prof. Conduct 3.7 states:

(a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The Law Court has recently clarified the standard for disqualifying an attorney:

First, disqualification must serve the purposes supporting the ethical rules. A party moving to disqualify an attorney has the burden of demonstrating more than mere speculation that an ethics violation has occurred; she must establish in the record

3

that continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule. . . .

Second, [there must be] a showing that continued representation by the attorney would result in actual prejudice to the party seeking that attorney's disqualification. [C]ourts will not assume the existence of prejudice to the moving party just by the mere fact that an ethical violation was committed[.] Rather, the moving party must point to the specific, identifiable harm she will suffer in the litigation by opposing counsel's continued representation. Indeed, to allow disqualification with proof of anything less than such actual prejudice would be to invite movants to employ this obvious vehicle for abuse.

[Third], if the moving party produces evidence of both an ethical violation and actual prejudice, any court order disqualifying the attorney must include express findings of that ethical violation and resulting prejudice.

*Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶¶ 9-11, 993 A.2d 1097.

On the present record, the court does not see a basis for disqualifying attorney Russell. The allegations of the amended counterclaim indicate that his involvement was with others, a point that suggests he is not a necessary witness on any material issue of fact. If after discovery it appears otherwise, the motion may be renewed.

Defendant's Motion To Disqualify is denied.

*Other Motions*

Defendant's Motion For Stay is valid but is dismissed as moot in light of the court's action on the Motion to Disqualify.

Plaintiff's Motion to Strike is also valid but is also dismissed as moot.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated April 2, 2014

A. M. Horton
Justice, Business and Consumer Court

4

**Leontina Andrade, individually and as personal representative of the Estate of Antonio J. Andrade, Sr.**
**v.**
**David M. Andrade**
**And**
**Third-Party Defendants: Joseph Andrade and Beverly Andrade**


**BCD-CV-14-12**


**Leontina Andrade, individually and as personal representative of the Estate of Antonio J. Andrade, Sr.**

### Plaintiff

Counsel:             Paul Chaiken, Esq.
                     84 Harlow St.
                     PO BOX 1401
                     Bangor, ME 04402


**David M. Andrade**

### Defendant

Counsel:             Walter McKee, Esq.
                     133 State St.
                     Augusta, ME 04330


**Joseph Andrade and Beverly Andrade**

### Third-Party Defendants

Counsel:             Barbara Cardone, Esq.
                     133 Broadway
                     Bangor, ME 04401